IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
J&J SPORTS PRODUCTIONS, INC.,   )
                                )
     Plaintiff,                 )
                                )
          v.                    )     1:11CV749
                                )
EDWIN RAMON HERNANDEZ,          )
individually and d/b/a          )
ISLA BONITA RESTAURANT,         )
                                )
     Defendant.                 )
```

**MEMORANDUM OPINION AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

The instant matter comes before the undersigned United States Magistrate Judge for a recommended ruling on Defendant's Motion to Dismiss (Docket Entry 11). For the reasons that follow, it is recommended that Defendant's Motion to Dismiss be denied.

PROCEDURAL BACKGROUND

Plaintiff, a corporation based in Campbell, California, brought the instant action against Defendant, the principal of a commercial establishment located in Durham, North Carolina. (Docket Entry 1, ¶¶ 5-6.) According to the Complaint, Plaintiff had exclusive nationwide distribution rights to the program <u>Number One: Floyd Mayweather, Jr. v. Juan Manuel Marquez Championship Fight Program</u> ("the Program"), airing on Saturday, September 19, 2009. (<u>Id.</u> ¶ 8.) The Complaint further alleges that Defendant intercepted the Program and exhibited it at his establishment without authorization from Plaintiff. (<u>Id.</u> ¶¶ 9-11.)

After requesting and receiving multiple extensions of time to answer or otherwise respond to the Complaint (see Docket Entry dated Oct. 28, 2011; Docket Entry 10), Defendant filed a Motion to Dismiss (Docket Entry 11). Defendant did not file a supporting brief. (See Docket Entries dated Jan. 5, 2012, to present.) Plaintiff timely responded in opposition to Defendant's Motion to Dismiss. (See Docket Entries 12, 13.) Defendant did not file a reply. (See Docket Entries dated Jan. 27, 2012, to present.)

## DISCUSSION

Under this Court's Local Rules, "[a]ll motions . . . shall be in writing and shall be accompanied by a brief except as provided in section (j) of this rule." M.D.N.C. LR7.3(a). The applicable exceptions do not include motions to dismiss. See M.D.N.C. LR7.3(j). "A motion unaccompanied by a brief may, in the discretion of the Court, be summarily denied." M.D.N.C. LR7.3(k). Accordingly, the Court could deny Defendant's instant Motion on this ground alone.[*]

In addition, an analysis under the standard for a motion to dismiss leads to the same conclusion. Defendant's Motion, in its entirety, states:

---

[*] Nor does Defendant's instant Motion itself contain the contents required of a brief, including an argument with supporting authority, see M.D.N.C. LR7.2(a). (See Docket Entry 11.) Instead, Defendant's instant Motion offers only a bare conclusory assertion that Plaintiff lacks standing and failed to state a claim. (See id.)

-2-

> NOW COMES the Defendant, by and through undersigned counsel, and respectfully moves this Court pursuant to Fed. R. Civ. P. 12(b)(1) to dismiss each claim asserted against him in the present matter. It is respectfully submitted that the Court lacks subject matter jurisdiction over such matters because the Plaintiff lacks standing to seek the required relief.
>
> The Defendant also moves this Court pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss each claim asserted against him in the present matter.
>
> The Defendant respectfully reserves the right to file a responsive pleading, including but not limited to an answer, defenses, and counterclaims in the present matter.

(Docket Entry 11 at 1.)

### A. Subject Matter Jurisdiction

First, Defendant claims that this Court does not have subject matter jurisdiction over the instant case because Plaintiff lacks standing to bring a claim against Defendant. (See id.)

"It is well settled that under Article III of the United States Constitution a plaintiff must establish that a case or controversy exists between himself and the defendant and cannot rest his claim to relief on the legal rights or interests of third parties." Smith v. Frye, 488 F.3d 263, 272 (4th Cir. 2007) (describing "dismissal for lack of standing" as dismissal "for lack of jurisdiction") (internal quotation marks omitted). To satisfy the Constitution's "standing limitation," a plaintiff must allege "such a personal stake in the outcome of the controversy as to warrant his invocation of federal court jurisdiction and to justify exercise of the court's remedial powers on his behalf." White Tail

-3-

Park, Inc. v. Stroube, 413 F.3d 451, 458 (4th Cir. 2005) (internal brackets and quotation marks omitted).

The United States Supreme Court has identified three elements to establish the constitutional minimum of standing:

> First, the plaintiff must have suffered an actual injury in fact - an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of - the injury has to be fairly traceable to the challenged action of the defendant, and not to the result of the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992) (internal citations, brackets, ellipses and quotation marks omitted).

Plaintiff, in its Complaint, brought claims against Defendant under 47 U.S.C. §§ 553 and 605, which prohibit unlawful interception of wire transmissions. (Docket Entry 1, ¶¶ 7-20.) The Complaint alleges facts sufficient to establish that Plaintiff has standing to sue. See 47 U.S.C. § 605(d)(6) and (e)(3)(A) (defining "any person aggrieved" to include "any person with proprietary rights in the intercepted communication by wire or radio, including wholesale or retail distributors of satellite cable programming" and stating that "[a]ny person aggrieved . . . may bring civil action in a United States district

-4-

court or in any other court of competent jurisdiction"); see also 47 U.S.C. § 553(a)(1) and (c)(1) (containing similar language).

Specifically, the Complaint alleges that Plaintiff had exclusive distribution rights to the Program (Docket Entry 1, ¶ 8), that it entered into "sublicensing agreements with various commercial entities . . . by which it granted these entities . . . the rights to publicly exhibit the Program to the patrons within their respective establishments" (id. ¶ 9), and that Defendant intercepted and unlawfully exhibited the Program without Plaintiff's authorization (id. ¶ 11). Further, the Complaint requests damages pursuant to 47 U.S.C. §§ 553(b)(2) and 605(e)(3)(ii). (Id. ¶¶ 15, 20.) Plaintiff thus has alleged facts sufficient to establish that it suffered financial harm, that Defendant's actions caused that harm, and that a favorable decision in the instant case would redress that harm. Defendant's assertion that Plaintiff lacks standing must therefore fail.

### B. Failure to State a Claim

Second, Defendant asks the Court to "dismiss each claim asserted against him in the present matter" pursuant to Fed. R. Civ. P. 12(b)(6), which allows a party to assert as a defense "failure to state a claim upon which relief can be granted." (Docket Entry 11 at 1.) Defendant does not expand upon the alleged defect in Plaintiff's Complaint. (See id.)

-5-

A litigant fails to state a claim within the meaning of Rule 12(b)(6) when the litigant's pleading lacks "sufficient <u>factual matter</u>, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Id.</u> In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id.</u>

Plaintiff in its Complaint alleges specific violations of 47 U.S.C. §§ 553 and 605 (making it unlawful to receive or intercept certain cable and wire communications without authorization), as well as wrongful conversion under state law. (Docket Entry 1.) The Complaint asserts that Plaintiff was the exclusive nationwide distributor of the Program that Defendant allegedly intercepted without authorization. (<u>Id.</u> ¶¶ 8-9.) It identifies the establishment at which the unlawful interception allegedly took place and its specific address. (<u>Id.</u> ¶ 6.) The Complaint further alleges that Defendant is "an owner, and/or operator, and/or licensee, and/or permitee, and/or person in charge, and/or an individual with dominion, control, oversight and management of the

commercial establishment" in which the Program was unlawfully exhibited. (Id.) It also describes the exact event it claims Defendant intercepted and the date and time of the event broadcast. (Id. ¶ 8.) Finally, the Complaint alleges that Defendant knew he lacked authorization to intercept the Program and did so anyway "for purposes of direct or indirect commercial advantage or private financial gain." (Id. ¶ 11.)

In sum, the Complaint states a claim for relief against Defendant that is "plausible on its face." Iqbal, 556 U.S. at 678.

CONCLUSION

Defendant's Motion to Dismiss does not comply with the Court's Local Rule 7.3(a). Furthermore, analysis under the standards regarding lack of standing and failure to state a claim reveals that Plaintiff's Complaint contains sufficient allegations to survive such challenges.

**IT IS THEREFORE RECOMMENDED** that Defendant's Motion to Dismiss be denied.

        /s/ L. Patrick Auld
        **L. Patrick Auld**
   **United States Magistrate Judge**
June 1, 2012