# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
J & J SPORTS PRODUCTIONS, INC    )
                                 )
              Plaintiff,         )
                                 )
         v.                      )        1:11CV749
                                 )
EDWIN RAMON HERNANDEZ,           )
                                 )
              Defendant.         )
```

## MEMORANDUM OPINION AND ORDER

This case comes before the Court on Plaintiff's Motion for Partial Summary Judgment (Docket Entry 29) on the issue of liability. For the reasons that follow, the Court will deny Plaintiff's instant Motion.[1]

### BACKGROUND

Plaintiff's Complaint asserts violations of two provisions of the Cable Act, 47 U.S.C. §§ 553 and 605, and common-law conversion. (Docket Entry 1 at 3-6.) It alleges that Plaintiff held the exclusive nationwide television distribution rights for the boxing match entitled "Number One": Floyd Mayweather, Jr. v. Juan Manuel Marquez Championship Fight Program ("the Program"), which aired live on Saturday, September 19, 2009. (Id. at 3-4.) The Complaint further alleges that Defendant unlawfully distributed the Program

---

[1] The Parties have consented to the jurisdiction of a Magistrate Judge (see Text Order dated Oct. 1, 2012; Docket Entry 23 at 1); therefore, the undersigned Magistrate Judge will enter an order in this matter. See 28 U.S.C. § 636(c)(1); Fed. R. Civ. P. 73(a).

by publicly displaying it - without paying Plaintiff a licensing fee - at Isla Bonita Restaurant ("the Restaurant") in Durham, North Carolina. (Id. at 3-4.) Additionally, the Complaint asserts that Defendant "is an owner, and/or operator, and/or licensee, and/or permitee, and/or person in charge, and/or an individual with dominion, control, oversight and management of [the Restaurant]." (Id. at 2.)

Via the instant Motion, Plaintiff seeks summary judgment solely on the issue of Defendant's liability with respect to Plaintiff's federal claims under the Cable Act. (Docket Entry 29 at 1.) In support, Plaintiff offers the sworn affidavits of its counsel (Docket Entry 29-1), an investigator who attended the Restaurant the night of the Program (Docket Entry 29-2), and its president (Docket Entry 29-3). Defendant responded in opposition (Docket Entry 42) and further provided his own sworn declaration (Docket Entry 41 at 9-11). Plaintiff replied. (Docket Entry 43.)

## DISCUSSION

"The [C]ourt shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Such a genuine dispute exists if the evidence presented could lead a reasonable fact-finder to return a verdict in favor of the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). The Court, however, "may not make credibility

-2-

determinations or weigh the evidence." <u>Reeves v. Sanderson Plumbing Prods., Inc.</u>, 530 U.S. 133, 150 (2000). Instead, it "must consider the evidence in the light most favorable to the non-moving party and draw all reasonable inferences from the facts in the non-movant's favor." <u>Matvia v. Bald Head Island Mgmt., Inc.</u>, 259 F.3d 261, 266 (4th Cir. 2001); <u>see also</u> <u>Francis v. Booz, Allen & Hamilton, Inc.</u>, 452 F.3d 299, 308 (4th Cir. 2006) ("Mere unsupported speculation is not sufficient to defeat a summary judgment motion if the undisputed evidence indicates that the other party should win as a matter of law.").

Plaintiff's Brief contends that the Court should hold Defendant liable under 47 U.S.C. § 605, or in the alternative, under 47 U.S.C. § 553. (<u>See</u> Docket Entry 30 at 6.) Both provisions of the Cable Act proscribe the unauthorized interception or receipt of communications. <u>See</u> 47 U.S.C. §§ 553(a)(1), 605(a). Most courts that have considered the relationship between the two provisions have concluded that § 605 applies to the theft of satellite signals and § 553 applies to signal theft directly from a cable system. <u>See</u> <u>Cablevision of Mich., Inc. v. Sports Palace, Inc.</u>, 27 F.3d 566 (table), No. 93-1737, 1994 WL 245584, at *3 (6th Cir. June 11, 1994) (unpublished); <u>Ark Promotions, Inc. v. Justin.tv, Inc.</u>, 904 F. Supp. 2d 541, 546 (W.D.N.C. 2012); <u>J & J Sports Prods., Inc. v. MayreallII, LLC</u>, 849 F. Supp. 2d 586, 588 (D. Md. 2012). Plaintiff asserts that the Court should hold

-3-

Defendant liable under § 605 because Defendant has acknowledged - in response to Plaintiff's interrogatories - that the Restaurant keeps a satellite dish to access closed-circuit television. (See Docket Entry 30 at 6; Docket Entry 29-1 at 23.)

Section 605 establishes strict liability for violations. See 47 U.S.C. § 605(e)(3)(C)(iii) ("In any case where the court finds that the violator was not aware and had no reason to believe that his acts constituted a violation of this section, the court in its discretion may reduce the award of damages to a sum of not less than $250."); J & J Sports Prods., Inc. v. Harrison, No. 1:12CV1317, 2013 WL 5774292, at *2 (M.D.N.C. Oct. 24, 2013) (unpublished) (Schroeder, J.) ("Section 605 is a strict liability statute.")  "To establish a violation of section 605, Plaintiff need only show that '(1) Defendant did not obtain a license from Plaintiff to receive the signal for the Program at [the Restaurant], (2) the Program was unlawfully received and exhibited at [the Restaurant] on [September 19, 2009,] and (3) Plaintiff is a 'person aggrieved' under section 605.'"  Harrison, 2013 WL 5774292, at *2 (quoting J & J Sports Prods., Inc. v. Morales, No. 1:10CV01694-AWI-GSA, 2011 WL 6749080, at *3 (E.D. Cal. Dec. 22, 2011) (unpublished)).  Establishing a violation of § 553 requires proof of the same elements as § 605.  See J & J Sports Prods., Inc.

v. Segura, No. 5:12CV241-FL, 2013 WL 1498963, at *2-3 (E.D.N.C. Apr. 10, 2013) (unpublished).[2]

Plaintiff has submitted evidence sufficient to support Defendant's liability under either § 605 or § 553. First, Defendant has admitted that he did not obtain any license from Plaintiff to receive the Program at the Restaurant. (Docket Entry 29-1 at 6-7.) Second, the sworn affidavit of Plaintiff's investigator alleges that the Restaurant exhibited the Program on September 19, 2009. (Docket Entry 29-2 at 3.) Finally, the sworn affidavit of Plaintiff's president (Docket Entry 29-3 at 1-2) and the attached Closed Circuit Television License Agreement (id. at 10) establish Plaintiff as a "person aggrieved" under the statute based on its proprietary rights in the Program. See 47 U.S.C. § 605(d)(6) ("[T]he term 'any person aggrieved' shall include any person with proprietary rights in the intercepted communication by wire or radio, including wholesale or retail distributors of satellite cable programming.").

No genuine dispute exists as to Defendant's nonpayment of any licensing fee to Plaintiff or Plaintiff's rights in the Program. However, Defendant's sworn declaration in opposition to Plaintiff's instant Motion contests that the Restaurant ever displayed the

---

[2] Sections 605 and 553 do, however, differ with respect to the calculation of damages. See Segura, 2013 WL 1498963, at *3. "Other courts . . . have proceeded under section 605 when it is not possible to conclude whether section 605 or section 553 has been violated." Id. at *2.

-5-

Program.  (See Docket Entry 41 at 9-11.)  It asserts Defendant's presence at the Restaurant on September 19, 2009, and that "[Defendant] did not display any boxing event at [the] Restaurant on September 19, 2009.  [He] did not notice any boxing event at the Restaurant on that night, nor do[es] he believe that a boxing event was being displayed at the Restaurant on that night."  (Id. at 10.)  Defendant's declaration further "emphatically den[ies] ever intercepting another party's signal, whether cable, satellite, radio, or otherwise . . . . [or] that anyone else ever intercepted another party's signal . . . on [Defendant's] behalf or on behalf of the Restaurant."  (Id.)[3]

---

[3] Defendant's sworn declaration additionally alleges that "[t]he lessee of the [R]estaurant is Isla Bonita Restaurant, Inc.[,] not [Defendant] personally." (Docket Entry 41 at 10.) To the extent Defendant asserts that he cannot be held liable on an individual basis, such an assertion fails in this case, even viewing the facts in a light most favorable to Defendant. Sections 605 and 553 allow for individual liability if the plaintiff "show[s] that the defendant 'had a right and ability to supervise the violations, and that [the defendant] had a strong financial interest in such activities.'" MayreallII, 849 F. Supp. 2d at 589 (internal quotation marks omitted) (quoting J & J Sports Prods., Inc. v. L & J Grp., LLC, No. RWT-09CV3118, 2010 WL 816719, at *1 (D. Md. Mar. 4, 2010) (unpublished)). Defendant admits in response to Plaintiff's interrogatories that he solely owns Isla Bonita Restaurant, Inc. (See Docket Entry 29-1 at 21.) Further, Defendant's sworn declaration, "emphatically deny[ing] that anyone else ever intercepted another party's signal . . . on behalf of the restaurant" (Docket Entry 41 at 10), further supports Defendant's ability to control activities at the Restaurant. Thus, Defendant's own statements bolster the inference that he had the right and ability to supervise any activities at the Restaurant and, further, held a financial stake in such activities as the sole owner of the corporation.

-6-

Case 1:11-cv-00749-LPA   Document 44   Filed 11/05/13   Page 6 of 10

Plaintiff's Brief contends that "District Courts have consistently granted summary judgment under similar factual situations." (Docket Entry 30 at 8.) However, in the cases Plaintiff offers as support for this proposition, the defendants did not respond to the plaintiffs' motions for summary judgment. See J & J Sports Prods., Inc. v. Q Café, Inc., No. 3:10CV02006L, 2012 WL 215282, at *2 (N.D. Tex. Jan. 25, 2012) (unpublished) ("Defendants did not file a response to Plaintiff's Motion for Summary Judgment."); J & J Sports Prods., Inc. v. Morales, No. 1:10CV01694-AWI-GSA, 2011 WL 6749080, at *2 (E.D. Cal. Dec. 22, 2011) (unpublished) ("Defendant did not file a written opposition."); Joe Hand Promotions, Inc. v. RPM Mgmt. Co., LLC, No. 2:09CV553, 2011 WL 1043560, at *1 (S.D. Ohio Mar. 18, 2011) (unpublished) ("Defendant failed to respond."). In contrast, in the instant case Defendant has offered his sworn declaration to dispute the facts underlying Plaintiff's Motion.

In its Reply, Plaintiff asserts that the Court should disregard Defendant's sworn declaration because "'[a] self-serving affidavit, without more, is not sufficient to defeat summary judgment.'" (Docket Entry 43 at 6 (quoting Jeandron v. Board of Regents of Univ. Sys. of Md., 510 F. App'x 223, 228 (4th Cir. 2013).) However, a court need not discount a party's apparently self-serving affidavit. See, e.g., Richardson v. Wilson, 404 F. Supp. 2d 887, 891 (W.D.N.C. 2005) ("'A party's own affidavit,

containing relevant information of which he has first hand knowledge, may be self-serving, but it is nonetheless competent to support or defeat summary judgment.'" (quoting Cadle Co. v. Hayes, 116 F.3d 957, 961 n.5 (1st Cir. 1997)). Although many courts have disregarded self-serving affidavits that contradict prior sworn statements of the affiant as sham affidavits, see, e.g., Shockley v. City of Newport News, 997 F.2d 18, 23 (4th Cir. 1993); Zimmerman v. Novartis Pharm. Corp., 287 F.R.D. 357, 362 (D. Md. 2012), Plaintiff does not allege any inconsistency between Defendant's sworn declaration and any prior sworn statement (see Docket Entry 43 at 1-6).

The Fourth Circuit cases cited by Plaintiff to support the view that the Court should discount Defendant's allegedly self-serving affidavit did not involve difficult determinations of credibility. See Jeandron, 510 F. App'x at 225-28 (disregarding non-moving party's affidavit stating she did not receive letter by certain date when certified mail receipt indicated otherwise); National Enters., Inc. v. Barnes, 201 F.3d 331, 335 (4th Cir. 2000) (discounting non-moving party's affidavit making vague statements about contract terms when same party could not produce contract itself). In contrast, for this Court to disregard Plaintiff's sworn declaration would require it to make the kind of credibility determination that Federal Rule of Civil Procedure 56 does not permit. See Reeves, 530 U.S. at 150 ("[T]he court must draw all

-8-

Case 1:11-cv-00749-LPA   Document 44   Filed 11/05/13   Page 8 of 10

reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence.").

As required by Rule 56, Defendant's declaration allegedly reflects his personal knowledge of the events at the Restaurant on September 19, 2009. <u>See</u> Fed. R. Civ. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."). Moreover, Plaintiff does not contend that Defendant would lack the ability to testify as to such personal knowledge at trial, such that the fact-finder could assess Defendant's credibility and could resolve any conflict in the evidence. (<u>See</u> Docket Entry 43 at 1-6.)

In order to grant Plaintiff's instant Motion, this Court would need to weigh the sworn affidavit of Plaintiff's investigator against that of Defendant and determine that Defendant's statement lacks credibility. Considering the evidence in a light most favorable to Defendant, a fact-finder could reasonably determine that the contents of his sworn declaration reflect a credible account of the relevant events. <u>See</u> <u>Curry v. City of Syracuse</u>, 316 F.3d 324, 333 (2d Cir. 2003) ("It is well established that '[c]redibility assessments, choices between conflicting versions of the events, and the weighing of evidence are matters for the jury, not for the court on a motion for summary judgment. If, as to the

issue on which summary judgment is sought, there is any evidence in the record from which a reasonable inference could be drawn in favor of the opposing party, summary judgment is improper.'" (quoting Fishl v. Armitage, 128 F.3d 50, 55-56 (2d Cir. 1997))). For these reasons, the Court will deny Plaintiff's instant Motion.

## CONCLUSION

Defendant has raised a genuine issue of material fact as to whether the Restaurant displayed the Program on September 19, 2009.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Partial Summary Judgment (Docket Entry 29) is **DENIED.**

                                                  /s/ L. Patrick Auld
                                                    **L. Patrick Auld**
                                    **United States Magistrate Judge**

November 5, 2013